E-FILED
Monday, 23 April, 2007  02:25:13 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Criminal No. 07-M-3017 |
| RICARDO HERNANDEZ-ZAMORA, aka UNSUB #2 and aka MARTIN CORRAL, | ) |
| Defendant. | ) |

## ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held in this case on April 16, 2007. The Court has determined that the defendant must be held without bond pending further proceedings.

The Court has considered all of the factors listed in 18 U.S.C. § 3142(g) and all of the evidence and information presented by the parties and in the Pretrial Services Report relating to those factors. After weighing those factors and the available evidence, the Court concludes the United States' motion for detention should be allowed.

The Court finds the following information has been established by clear and convincing evidence; further, a preponderance of the evidence establishes that the defendant poses a serious risk of flight if released on bond.

### Findings of Fact and Reasons Detention Required

Based upon the credible evidence and information received during the defendant's detention hearing, the Court finds:

1. The evidence in this case is very strong.

2. Pretrial Services recommends that the defendant be detained and the Court agrees.

3. The defendant faces a mandatory two year sentence if convicted.

4. The defendant is a citizen of Mexico and present in the United States in violation of the Immigration laws. If the defendant were released on bond the defendant could return home to Mexico and it would be nearly impossible for this Court to gain the defendant's return. Suggestions that the defendant could post a cash bond (and if the defendant fails to appear the defendant would forfeit the cash bond) amount to a request for a "get out of jail" card, and that will not occur in this Court.

IT IS THEREFORE ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a Court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

ENTER: April 23, 2007.

FOR THE COURT:

s/ Byron G. Cudmore
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE